IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CERTAIN UNDERWRITERS AT LLOYD'S,                                              PLAINTIFFS
LONDON SEVERALLY SUBSCRIBING TO
POLICY NO. 22252

V.                                                                    CAUSE NO.: 3:09CV714-DPJ-FKB

ROBERT HAMILTON AND                                                           DEFENDANTS
WILLIAM P. SMITH

ORDER

This declaratory judgment action is before the Court on Plaintiff's Motion for Summary Judgment [23] pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Court, having fully considered the submissions and applicable law, finds that the motion should be granted.

I.    Facts/Procedural History

This case relates to a disputed fire in February 2009 that destroyed vacant property insured by Plaintiff Certain Underwriters at Lloyd's London ("Lloyd's") under Policy No. 22252. Defendant Robert Hamilton apparently owned the property solely or in conjunction with his father Defendant William Smith. After the blaze, Lloyd's hired experts who determined that the fire resulted from arson. Lloyd's therefore sought a declaratory judgment based on arson-related exclusions to the policy. Lloyd's Complaint further claims that the policy's "Vacancy Conditions Endorsement" precludes coverage of unlocked property.

On April 19, 2010, Lloyd's filed its motion for summary judgment [23] claiming that Defendants' failure to lock the building triggered the policy's Vacancy Conditions Endorsement and Security Premises Warranty, thereby relieving Lloyd's contractual obligations . On April 30, 2010, Defendants filed a motion to stay pursuant to Rule 56(f) of the Federal Rules of Civil

Procedure [25]. The Court denied the motion on June 14, 2010, entering an order [30] that instructed Defendants to file a response to the summary judgment motion no later than July 5, 2010.

Soon after the Court denied the Rule 56(f) motion, Defendants' counsel moved for leave to withdraw [31]. Although opposed, the Court granted the motion on June 30, 2010, and gave Defendants additional time to retain new counsel and respond to the pending motion for summary judgment. That order included the following:

> Defendants have until July 20, 2010, to obtain new counsel. By that date, Defendants' new counsel must enter an appearance or otherwise Defendants must notify the Court of their intent to proceed pro se. Defendants must submit a substantive response to the pending motion for summary judgment no later than August 4, 2010. No further extensions will be granted absent extraordinary circumstances. Failure to comply with these deadlines may result in the motion for summary judgment being granted as unopposed and/or for failure to comply with the orders of this Court.

Order [33]. The deadlines set in the June 30, 2010 Order have come and gone without response from Defendants.

II.     Standard

As an initial matter, a "federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996). In the present case, Defendants' failure to comply with the June 30, 2010 Order is sufficient to grant Plaintiff's motion for summary judgment. Because Plaintiff's motion is otherwise due to be granted, however, the Court will base its holding on the merits.

Summary judgment is warranted under Rule 56 of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party

2

is entitled to judgment as a matter of law. "The party moving for summary judgment bears the initial burden of 'informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *see also Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 422 (5th Cir. 2007) (noting that the moving party bears the "burden of demonstrating that there is no genuine issue of material fact"). "The non-moving party must then come forward with specific facts showing there is a genuine issue for trial." *Washburn*, 504 F.3d at 508.

In this case, Defendants filed no response, but that alone will not justify granting Plaintiff's summary judgment motion. *See* Uniform Local Rule 7.2(b)(3)(e) (dispositive motions may not be granted as unopposed). As explained by the Fifth Circuit, district courts must first consider the record:

> [I]f the moving party fails to establish by its summary judgment evidence that it is entitled to judgment as a matter of law, summary judgment must be denied--even if the non-movant has not responded to the motion. But where the movant's summary judgment evidence does establish its right to judgment as a matter of law, the district court is entitled to grant summary judgment, absent unusual circumstances.

*McDaniel v. Sw. Bell Tel.*, 979 F.2d 1534, 1992 WL 352617, at *1 (5th Cir. 1992) (unpublished table decision) (citations omitted) (affirming summary judgment where counsel failed to file timely response).

In other words, the Court cannot grant a summary judgment motion for the mere lack of response, but if the record establishes that the movant met its burden under Rule 56, then the absence of responsive affidavits or other record evidence creating a genuine issue for trial will

3

justify an order granting the motion. *Id.*; *see also Sanders v. Bell Helicopter Textron Inc.*, 199 F. App'x 309, 310 (5th Cir. 2006) (holding that record supported summary judgment where non-movant failed to respond); *Stewart v. City of Bryan Public Works*, 121 F. App'x 40, 42 (5th Cir. 2005) (same); *Ahart v. Vickery*, 117 F. App'x 344, 344 (5th Cir. 2004) (same).

III.   Analysis

Lloyd's presents a single issue in its summary judgment motion–whether the property was left unlocked. If so, then Lloyd's contends that the policy's Vacancy Conditions Endorsement would preclude coverage. The pertinent policy language states as follows:

>   **VACANCY CONDITIONS ENDORSEMENT**
>
>   . . .
>
>   It is a condition of coverage provided under this policy that the building:
>
>   | | |
>   |---|---|
>   | 1. | Is locked and secured against unauthorized entry |
>   | 2. | Is inspected weekly by the insured or by the insured's representative |

*See* Dkt. No. 1-2, p. 89 of 89. In addition, although it was not referenced in the Complaint, Lloyd's motion relies upon the policy's Security Premises Warranty which states as follows:

>   THIS ENDORSEMENT CHANGES THE POLICY.
>   PLEASE READ IT CAREFULLY.
>
>   **SECURITY PREMISES WARRANTY**
>   This endorsement modifies insurance under the . . . BUILDERS' RISK COVERAGE FORM [and the] BUILDING AND PERSONAL PROPERTY COVERAGE FORM. . . .
>
>   As a condition of this insurance, you agree that all doors and windows:

>    1. To buildings and structures under renovation will be locked and secured and that all other openings will be secured whenever the premises are not being worked on;
>
>    2. To buildings or structures which are vacant or unoccupied will be locked and secured and that all other openings will be secured.
>
> This insurance will be suspended if you fail to maintain premises in this condition.

Dkt. No. 1-2, p. 22 of 89.

Lloyd's supports its contention that the property was not locked with the Examinations Under Oath ("EUOs") of Smith, Hamilton, and their employee Thomas Guyton. Exs. 3, 4, and 5 to Pl.'s Mot. [23]. Defendants' former attorney in this matter attended all three EUOs, which establish that Smith had the only key to the building; that Smith and Guyton worked in the building the day of the fire; that Smith left first with the key; that the door had to be locked from the outside with the key; and that Guyton could not have locked the premises when he subsequently departed. *Id.* Guyton flatly stated that he did not lock the door, and Smith's testimony confirmed that he could not have. Lloyd's has presented unrebutted record evidence that the building was not locked. The endorsements therefore preclude coverage, and Lloyd's is entitled to declaratory judgment.

IV.   Conclusion

Plaintiff's motion for summary judgment [23] pursuant to Rule 56(a) is GRANTED. A separate judgement will be entered pursuant to Rule 58.

**SO ORDERED AND ADJUDGED** this the 17th day of August, 2010.

>                    s/ *Daniel P. Jordan III*
>                    UNITED STATES DISTRICT JUDGE